UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL URBAN LEAGUE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3617-B |
| | § | |
| URBAN LEAGUE OF GREATER DALLAS & NORTH CENTRAL TEXAS, INC., and TERRY WOODS, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Urban League of Greater Dallas & North Central Texas, Inc.'s and Terry Woods' Motion to Reconsider Order Granting Temporary Injunction (Doc. 33). For following reasons, the Court **DENIES** Defendants' Motion.

I.

BACKGROUND

On November 9, 2015, Plaintiff moved for a temporary restraining order and a preliminary injunction to prevent Defendants from using its service marks. Doc. 8, Mot. for TRO and Prelim. Inj. Following a hearing on December 2, 2015, the Court entered an Order granting Plaintiff's motion. Doc. 28, Order. Twenty-eight days later, Defendants filed this motion to reconsider that Order. Doc. 33, Mot. to Reconsider Order [hereinafter "Mot. for Recons."]. Plaintiff responded, and Defendants did not reply. Doc. 40, Pl.'s Resp. As the time for filing a reply has lapsed, the Motion is ready for review.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Accordingly, courts generally treat such a motion as one to alter or amend a judgment under Rule 59(e) or for relief from a final judgment, order, or proceeding under Rule 60(b). Rule 59(e) governs when the motion is filed within twenty-eight days of the challenged court order. *Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc.*, No. 4:11-CV-1745, 2012 WL 423399, at *2 (S.D. Tex. Feb. 8, 2012). Here, Defendants' Motion for Reconsideration was filed less than twenty-eight days after the Court entered its Order; thus, Rule 59(e) applies.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) reconsideration does not serve as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it serves to correct a clear error of law or fact, account for newly discovered evidence, or accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *see also Brown v. Miss. Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004). Therefore, it is "an extraordinary remedy that should be used sparingly." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (quoting *Templet*, 367 F.3d at 479).

## III.

## ANALYSIS

Defendants have not clearly identified the grounds for reconsidering the Court's Order. Based on their arguments in the Motion, however, the Court believes that they seek to correct what they consider a manifest error of law and fact. *See* Doc. 33, Mot. for Recons. They do not present any changes in controlling law, nor do they identify any new evidence. A manifest error is thus the only remaining ground available for reconsideration.

In the Motion, Defendants make three arguments:

- Use of Plaintiff's service marks is contractually based, and because Plaintiff failed to comply with the contractual requirements for terminating Defendants' affiliation, it cannot deny Defendants use of the service marks. *Id.* at 3–4.

- The order granting the injunction did not comport with Federal Rule of Civil Procedure 65(d) because it did not include specific findings supporting the required elements for a preliminary injunction. *Id.* at 5–6.

- The language of the preliminary injunction is overbroad. *Id.* at 7.

The first argument merely reiterates several contentions that the Court already considered and rejected at the hearing. It is therefore not a valid basis for reconsideration. *See generally* Doc. 36, Ct. Tr. The second argument misinterprets the application of Federal Rules of Civil Procedure 52 and 65 to preliminary injunctions. According to Rule 52(a)(1), "the [Court's] findings and conclusions may be stated on the record after the close of the evidence *or* may appear in an opinion or a memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1) (emphasis added). The Fifth Circuit has applied this rule in the context of preliminary injunctions. *See Software Dev. Techs.*

*v. TriZetto Corp.*, 590 F. App'x 342, 344 (5th Cir. 2014). At the hearing, the Court set forth the findings and conclusions supporting its decision to issue a preliminary injunction on the record. *See* Doc. 36, Ct. Tr. 47–74. The Court expressly addressed all four factors required to obtain the injunction and identified the evidence supporting each factor. *See id.* at 56–74.

Defendants' last argument is likewise without merit. In its Order, the Court held that "Defendants UGLD and Terry Woods are preliminarily enjoined from using in any manner the service marks owned by [Plaintiff], specifically, the name 'Urban League' and the equality symbol enclosed within a circle." Doc. 28, Order. Defendants attack this language as overbroad. Doc. 33, Mot. for Recons. 7. But the injunction's language is not unduly broad because the Lanham Act vests this Court with the authority to grant injunctions "upon such terms as [it] may deem reasonable." 15 U.S.C. § 1116(a); *Choice Hotels Int'l., Inc. v. Goldmark Hosp., LLC*, No. 3:12-CV-0548, 2014 WL 642731, at *11 (N.D. Tex. Feb. 19, 2014); *see also Sci. Applications, Inc. v. Energy Conservation Corp. of Am.*, 436 F. Supp. 354, 363 (N.D. Ga. Aug. 26, 1977) (preliminarily enjoining defendant from using plaintiff's service mark "in any manner"). Based on the evidence presented at the hearing, the Court concluded that enjoining any use of Plaintiff's service marks was reasonable. Furthermore, Defendants have failed to cite any support for their argument that the Court must tailor its order to "only affect [Defendants'] consumer based activities and not [their] business activities." Doc. 33, Mot. for Recons. 7. Consequently, the Court does not believe that its previous Order contained a manifest error of fact or law. Reconsideration is therefore unwarranted.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion for Reconsideration (Doc. 33).

SO ORDERED.

SIGNED: March 30, 2016.

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE