IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NATIONAL URBAN LEAGUE, INC.,

                Plaintiff,   **Civil Action No. 3:15-cv-03617-B**

             - against -

URBAN LEAGUE OF GREATER DALLAS &
NORTH CENTRAL TEXAS, INC., AND
TERRY WOODS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NATIONAL URBAN LEAGUE, INC.'S MOTION FOR FEES AND SANCTIONS
WITH BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...........................................................................................................1

**BACKGROUND** ...............................................................................................................................1

    I.    Deposition Notices.................................................................................................................1

    II.   ULGD's Failure to Timely Object to and Appear for Depositions .................................2

    III.  ULGD Did Not Previously Object to the Topics Identified in the Rule 30(b)(6) Deposition Notice ................................................................................................................4

**ARGUMENT**...................................................................................................................................4

    I.    ULGD's Failure to Appear Was Unjustified .....................................................................4

    II.   NUL's Request for Relief ....................................................................................................7

**CONCLUSION** ................................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brazos River Auth. v. GE Ionics, Inc.*,
 469 F.3d 416 (5th Cir. 2006) ................................................................................................6

*Caraway v. Chesapeake Exploration LLC*,
 269 F.R.D. 627 (E.D. Tex. 2010)..........................................................................................5

*Dagher v. Deutsche Bank Nat'l Trust Co.*,
 No. 3:13-cv-3575, Doc. 22 (N.D. Tex. Feb. 5, 2015)...........................................................9

*Hitzig v. Hubbard*,
 No. 1:08-cv-102, 2011 U.S. Dist. LEXIS 129692 (D. Vt. Nov. 9, 2011)..............................5

*Lovison v. Gleason*,
 No. 3:14-cv-1517, 2015 U.S. Dist. LEXIS 83092 (N.D. Tex. June 26, 2015).....................6

*Martinez v. Neiman Marcus Grp., Inc.*,
 No. 3:05-CV-0422-P, 2005 U.S. Dist. LEXIS 19694 (N.D. Tex. Sept. 7, 2005)..............7, 9

*Morgan v. McDonald's Corp.*,
 No. 3:14-cv-1618, 2015 U.S. Dist. LEXIS 23491 (N.D. Tex. Jan. 26, 2015) ......................8

*Nationstar Mortg. v. Flamingo Trails No. 7 Landscape Maint. Ass'n*,
 316 F.R.D. 327 (D. Nev. 2016).............................................................................................5

*Nguyen v. La. State Bd. of Cosmetology*,
 No. 14-80-BAJ-RLB, 2016 U.S. Dist. LEXIS 413 (M.D. La. Jan. 5, 2016) ........................9

*Southern United States Trade Ass'n v. Guddh*,
 565 F. App'x 280 (5th Cir. 2014) .........................................................................................8

*Steel v. ARI Mut. Ins. Co.*,
 No. 14-27-S, 2015 U.S. Dist. LEXIS 94032 (E.D. La. July 17, 2015).................................8

*Tyler v. NEMA, Inc.*,
 No. 09-cv-00030, 2013 U.S. Dist. LEXIS 16195 (W.D. La. Feb. 5, 2013)..........................9

**Other Authorities**

Fed. R. Civ. P. 37 ........................................................................................................................3-5

**PRELIMINARY STATEMENT**

Plaintiff National Urban League, Inc. ("NUL"), by and through its attorneys, moves for fees and sanctions against Defendant Urban League of Greater Dallas & North Central Texas ("ULGD") for failure to appear at two properly noticed depositions on January 26, 2017 and January 27, 2017. Specifically, NUL seeks (1) sanctions that would prohibit ULGD from using for dispositive motions or at trial the testimony of witnesses that failed to appear for deposition and, (2) reimbursement of attorneys' fees, costs and other expenses incurred with respect to both depositions.

**BACKGROUND**

**I.      Deposition Notices**

NUL noticed ULGD for two depositions in this matter. The first deposition notice was for Edward R. Smith, Jr., chairperson of ULGD's Board of Directors. The second deposition notice sought testimony from a corporate representative or representatives designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. NUL initially noticed these depositions on November 23, 2016, shortly after litigation in this matter was reinstated. (*See* Doc. 82). Mr. Smith's deposition was initially scheduled for January 11, 2017, and the 30(b)(6) deposition for January 12, 2017. (*See* **Exhibits 1 and 2** to Declaration of Peter C. Harvey, hereafter "Harvey Decl"). NUL received no response to these notices, and ULGD raised no objection to the topics set forth in the 30(b)(6) notice.

On December 29, 2016, NUL issued amended deposition notices that scheduled Mr. Smith's deposition for January 26, 2017, and the 30(b)(6) deposition for January 27, 2017. (**Exhibits 3 and 4** to Harvey Decl.) Both depositions were to take place at the offices of Munsch Hardt Kopf & Harr, P.C., in Dallas. Consistent with standard practice, NUL requested that ULGD designate witnesses for each noticed 30(b)(6) topic, five business days prior to the

1

deposition. ULGD did not designate witnesses as requested, raised no timely objection to the topics set forth in the amended 30(b)(6) notice—topics identical to those in the initial 30(b)(6) notice—and did not allege either deposition was noticed improperly.

## II. ULGD's Failure to Timely Object to and Appear for Depositions

ULGD failed to appear for both depositions. On January 25, 2017 at approximately 7:30 p.m., the evening before Mr. Smith's deposition, and after counsel for NUL already had traveled from New York to Dallas, UGLD filed motion papers seeking a protective order preventing both depositions. Unaware of any authority staying the depositions while such a motion was pending, NUL appeared for the deposition scheduled the next morning on January 26. After placing ULGD's non-appearance on the record, NUL contacted the Court for guidance. At 10:22 a.m. on January 26, 2017, the Court issued an electronic Order "denying [95] Motion for Protective Order; denying [95] Motion to Quash." (Doc. 96). The Court further directed: "The depositions at issue in the motion (Doc. 95) are ORDERED to proceed as scheduled. Failure to appear will result in sanctions including, but not limited to, Contempt of Court." *Id*. ULGD nevertheless failed to appear for the deposition of Mr. Smith on January 26. (**Exhibit 5** to Harvey Decl.).

The next day, January 27, at 9:24 a.m.—which was thirty-six minutes before the Rule 30(b)(6) deposition was scheduled to begin—ULGD filed a motion for the Court to reconsider its Order denying ULGD's motion for a protective order. ULGD again failed to appear at the scheduled deposition. (**Exhibit 6** to Harvey Decl.).

ULGD had not provided any advance warning sufficient to justify these failures. On the evening of January 23, 2017, fewer than three days before Mr. Smith's deposition, and only a day and a half before Plaintiff's New York-based counsel was scheduled to fly to Dallas, Nadine King-Mays, counsel for ULGD, sent an e-mail to NUL's counsel asserting that Mr.

Smith "plan[ned] to attend the funeral services and activities surrounding the death of Bishop Eddie Long in Atlanta, Georgia" and that Mr. Smith "will not be available to attend the deposition scheduled for January 26, 2016 [*sic*]." (**Exhibit 7** to Harvey Decl., Appx. 050). Counsel did not advise that Mr. Smith had any personal relationship with Bishop Long, state that Bishop Long's funeral was scheduled for the same day as Mr. Smith's deposition (which indeed it was not), or offer to switch the dates of the 30(b)(6) deposition and Mr. Smith's deposition. The e-mail exchange continued, with counsel for NUL pointing out that—according to publicly available news reports included in ULGD's own court filing (Doc. 95, Exhibit C)—Bishop Long's funeral would be held the morning of January 25, 2017, approximately twenty-four hours *before* Mr. Smith's deposition was scheduled to begin.

NUL therefore responded by offering to delay the start time of Mr. Smith's deposition to accommodate his travel plans. (**Exhibit 7** to Harvey Decl., Appx. 049). Counsel for NUL also reminded Ms. King-Mays that counsel had purchased tickets to travel to Dallas some time ago, and NUL would incur significant costs if ULGD canceled the deposition at the last minute. *Id*.

ULGD thereafter failed to provide an explanation why Mr. Smith purportedly was unable to return to Dallas for a deposition scheduled the day after Bishop Long's funeral. (**Exhibit 7** to Harvey Decl., Appx. 047 – 048). Later in the evening on Monday, January 23, in response to a reference from counsel for ULGD that ULGD would "file an appropriate Motion," counsel for NUL advised: "Feel free to file the appropriate motion with the court. You should be aware that we will seek sanctions pursuant to Rule 37 for Mr. Smith's failure to appear." *Id.* at Appx 047. Aware that a motion for a protective order does not automatically stay a

3

deposition, counsel for NUL explained that NUL intended to appear to take both depositions as scheduled. *Id.*

### III. ULGD Did Not Previously Object to the Topics Identified in the Rule 30(b)(6) Deposition Notice

In context of the exchange over Mr. Smith's deposition, counsel for ULGD raised *no* objection to the topics noticed for the separate Rule 30(b)(6) deposition. ULGD's only communication regarding the Rule 30(b)(6) deposition centered on the entity's unwillingness to prepare a witness as required by Rule 30(b)(6), premised on ULGD's mistaken conclusion an existing officer needed to serve as the 30(b)(6) witness: "we do not have an officer of the entity that qualifies as a corporate representative." (**Exhibit 7** to Harvey Decl., Appx. 045-46). In a response sent less than one hour later, NUL's counsel corrected the misimpression:

> As we are sure you know, Rule 30(b)(6) does not require that "an officer" of your client testify. Rather, the Rule requires only that your client, ULGD, "*designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify*." Moreover, day-to-day operational knowledge is not required for the Rule 30(b)(6) witness. Rather, the Rule requires only that "[t]he persons designated must testify about information known or reasonably available to the organization." See Fed. R. Civ. P. 30(b)(6)

*Id.* at Appx. 044-45. NUL's counsel further reminded Ms. King-Mays that counsel for NUL "will be at the airport tomorrow to travel to Dallas to take the depositions of both Mr. Smith and your client's representative(s)." *Id.* at Appx. 045.

NUL received no response from ULGD before it traveled to Dallas on January 25, 2017.

## ARGUMENT

### I. ULGD's Failure to Appear Was Unjustified

The Federal Rules of Civil Procedure permit sanctions when "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—

4

fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions "may include" any of the measures listed in Rule 37(b)(2)(A)(i)-(vi), which permit, *inter alia*, the dismissal of "the action or proceeding in whole or in part," and "treating as contempt of court the failure to obey any order . . . ." But when a party fails to appear for a deposition, Rule 37(d) demands more: "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 37(d)(3).

NUL is unaware of *any* justification, let alone substantial justification, for ULGD's failure to appear at two consecutive depositions despite being ordered to do so by the Court. As an initial matter, filing a motion for a protective order does not relieve a witness of his or her duty to appear. *See Nationstar Mortg. v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016) ("The mere filing of a motion for protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order."). Parties are relieved of their obligations only if the Court grants the Rule 26 motion, *id.*, and courts have not looked kindly upon the practice of waiting until the eve of deposition to make such a motion. *See Caraway v. Chesapeake Exploration LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) ("Plaintiffs' counsel waited until 5:59 p.m. the day before the depositions were scheduled to file their motion for protective order. Such tactics, dredged up from the cesspool of 'Rambo' litigation, cannot be countenanced.").[1] Nor is a party's belief that

---

[1] Rule 37(d)(2) provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." This provision does *not* excuse a party who has filed a protective motion from appearing. Instead, "This provision operates to bar a party who has not moved for a

5

a deposition should have been scheduled for a different time substantial justification for a failure to appear. *See Lovison v. Gleason*, No. 3:14-cv-1517, 2015 U.S. Dist. LEXIS 83092, at *18-19, *22-23 (N.D. Tex. June 26, 2015) (permitting award of reasonable expenses, including attorney's fees, hotel stay, and cost of hiring a court reporter).

The factual circumstances raised in connection with Bishop Long's January 25, 2017 memorial service, for the general public, provide no justification, let alone substantial justification, for Mr. Smith's failure to appear at his properly noticed deposition the following day. Attendance at a memorial service of a public figure in a city a short flight away, twenty-four hours *before* a scheduled deposition, is no excuse for Mr. Smith's non-appearance. ULGD has never contended that Mr. Smith had a personal relationship with Bishop Long, that he had additional obligations related to the public memorial service that he attended, or that there were no flights available from Atlanta to Dallas anytime the evening of January 25 or the morning of January 26.

ULGD's additional failure to produce a Rule 30(b)(6) witness to testify regarding the noticed topics likewise is entirely without justification. ULGD first received the noticed topics on November 23, 2016. Though responses and objections to topics listed in a Rule 30(b)(6) deposition notice are standard in civil litigation, ULGD served none. Instead, ULGD waited until approximately 36 hours before the Rule 30(b)(6) deposition—after NUL's counsel had traveled to Dallas—to file a motion for protective order. When that motion was denied, ULGD's 30(b)(6) representative(s) still refused to appear. Indeed, there is no evidence ULGD

---

protective order from arguing that sanctions are improper given the objectionable nature of the disputed discovery." *Nationstar Mortg.*, 316 F.R.D. at 337. In other words, "a pending motion for protective order is a necessary, but not sufficient, condition to be excused for failing to attend a deposition." *Id.*; *see also Hitzig v. Hubbard*, No. 1:08-cv-102, 2011 U.S. Dist. LEXIS 129692, at *3 (D. Vt. Nov. 9, 2011) (same). The Advisory Committee Notes to Rule 37(d) further confirm that "the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect." Fed. R. Civ. P. 37(d), Advisory Committee Notes (1993 Amendments).

made any effort, as required by Rule 30(b)(6), to educate a corporate designee. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."). Instead, ULGD chose not to confer with NUL regarding the noticed deposition topics and simply moved the court for a protective order less than a week before discovery closed and less than forty-eight hours before the deposition was scheduled to commence. After the Court denied that motion, ULGD filed a motion for reconsideration rather than produce a corporate witness as required.

## II.    NUL's Request for Relief

NUL seeks two forms of relief. First, ULGD's failure to appear deprived NUL of its ability to depose crucial witnesses: (1) the Chairperson of ULGD's Board of Directors and (2) individuals with information about ULGD's operations, fiscal records, and other topics essential to NUL's claims. Because ULGD failed to make these witnesses available, the entity should not now receive the benefit of their testimony during dispositive motion practice or at trial. NUL therefore requests that ULGD be prohibited from submitting affidavits or eliciting testimony from Mr. Smith or any witness with information about any noticed 30(b)(6) topic.

Second, NUL, a non-profit organization, expended substantial resources in connection with the two planned depositions. NUL therefore moves for reimbursement of the following costs: (1) the time spent for one attorney to prepare for each deposition; (2) the time spent for one attorney to appear and await ULGD witnesses to appear at each scheduled deposition; (3) the cost of hiring a court reporter for each deposition; and (4) the cost of airfare and hotels for the two NUL attorneys who traveled from New York to Dallas to take the depositions. NUL expects that all attorney time will reimbursed at no more than the median local rate.

Sanctions imposed for missed depositions are meant to remedy the harm done to the party denied discovery. Courts have awarded sanctions even when a party's "failure to appear was not willful or in bad faith." *See Martinez v. Neiman Marcus Grp., Inc.*, No. 3:05-CV-0422-P, 2005 U.S. Dist. LEXIS 19694, at *5 (N.D. Tex. Sept. 7, 2005) (awarding $3,000 in fees and expenses). Sanctions are particularly appropriate when one party has frustrated another's "legitimate attempts to obtain discovery and completely ignored an express order from the court." *Morgan v. McDonald's Corp.*, No. 3:14-cv-1618, 2015 U.S. Dist. LEXIS 23491, at *8 (N.D. Tex. Jan. 26, 2015). In those cases, courts have imposed sanctions as extreme as dismissal of the matter with prejudice. *Id.*; *cf. Southern United States Trade Ass'n v. Guddh*, 565 F. App'x 280, 283 (5th Cir. 2014) (upholding decision to strike a party's pleadings for willful failure to comply with discovery orders). In other cases, Courts have prohibited testimony from witnesses who failed to appear. *See Steel v. ARI Mut. Ins. Co.*, No. 14-27-S, 2015 U.S. Dist. LEXIS 94032, at *9 (E.D. La. July 17, 2015) ("The appropriate sanction in this case is to preclude [the witness] from testifying at trial because plaintiff was not able to depose him."). Here, ULGD's failure to produce witnesses frustrated NUL's ability to take the only two depositions it had noticed in this case before the close of fact discovery and occurred in direct contravention of a Court order.

Monetary relief is appropriate as well. Courts have awarded reimbursement of costs and fees in similar circumstances. In *Frost v. Fort Worth Independent School District*, for instance, the Court of Appeals for the Fifth Circuit upheld an award of $3,345 in "reasonable deposition expense created by [a party's] failure to appear" when a witness "went out of town" instead of appearing at his deposition. No. 93-1191, 1993 U.S. App. LEXIS 39369, at *9-10 (5th Cir. Sept. 22, 1993). In *Dean v. Wells Fargo Bank, N.A.*, the Court had warned a party that he

"must make himself available to be deposed upon reasonable notice by Defendant." No. 2:14-cv-304, 2016 U.S. Dist. LEXIS 3748, at *1-3 (S.D. Tex. Jan. 12, 2016). When the witness failed to comply, the court awarded the defendant, attorney's fees for the costs incurred preparing a motion to compel and time spent preparing for the deposition. *See id.* at *3-4 (awarding $1,000 in attorney's fees and finding $250 per hour to be reasonable); *see also Martinez*, 2005 U.S. Dist. LEXIS 19694, at *5-7 (ordering payment of defense counsel's deposition preparation time, attendance at the deposition, and court reporter fees). "The time spent waiting for an unattended deposition is compensable" as well. *See Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 U.S. Dist. LEXIS 413, at *12-15 (M.D. La. Jan. 5, 2016) (awarding attorney's fees for time spent waiting, as well as cost for a court reporter). Finally, courts have awarded travel costs for non-local attorneys. *See Tyler v. NEMA, Inc.*, No. 09-cv-00030, 2013 U.S. Dist. LEXIS 16195 (W.D. La. Feb. 5, 2013). *See also Dagher v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-cv-3575, Doc. 22 (N.D. Tex. Feb. 5, 2015) (ordering plaintiff's counsel [Nadine King-Mays] to reimburse defendants for the "costs of the travel, hotel and other incidentals" when plaintiff failed to appear at a court-ordered settlement conference).

Accordingly, NUL seeks reasonable reimbursement of its expenses. Specifically, NUL requests the following reimbursement:

> (1)   time spent by *only* one attorney preparing for each deposition: 13 hours or $3,250 at $250 per hour, which is a conservative application of the median local rate published by the State Bar of Texas in August 2016 (Harvey Decl. ¶ 10, Dec. 002),[2]

---

[2] *2015 Hourly Fact Sheet*, State Bar of Texas, Department of Research & Analysis

    (2)    time spent by *only* one attorney waiting for ULGD's witnesses to appear at each deposition:  6 hours or $1,500, at $250 per hour (Harvey Decl. ¶ 11, Dec. 003),

    (3)    $592.50 paid to the court reporter (Harvey Decl. ¶ 12, Dec. 003), and

    (4)    $1,658 in airfare and hotel expenses for travel of two NUL attorneys from New York to Dallas.  (Harvey Decl. ¶ 13, Dec. 003).

Reimbursement of these fees and costs is consistent with prior awards in the Northern District of Texas and would permit NUL to recoup some of the substantial resources devoted to deposing these witnesses and to redirect those funds to NUL's mission.

## CONCLUSION

NUL expended significant resources to depose crucial ULGD witnesses.  Having failed to produce those witnesses, ULGD should not now receive the benefit of their testimony.  In addition, NUL respectfully requests sanctions pursuant to Rule 37(d) in the amount of reasonable fees and costs expended.

DATED:      February 17, 2017

        Respectfully submitted,

        s/Nolan C. Knight
        Peter C. Harvey
        NY 1921568
        E-mail:  pcharvey@pbwt.com
        Susan  Millenky
        NY 5045570
        E-mail: smillenky@pbwt.com
        PATTERSON BELKNAP WEBB &
        TYLER LLP
        1133 Avenue of the Americas
        New York, New York 10036-6710
        Telephone:  (212) 336-2000
        Facsimile:  (212) 336-2222

        Nolan C. Knight
        TX Bar No. 24027125
        E-mail: nknight@munsch.com
        MUNSCH HARDT KOPF & HARR, PC
        3800 Lincoln Plaza
        500 North Akard
        Dallas, Texas 75201
        Telephone:     (214) 855-7500
        Facsimile:     (214) 855-7584

        *Attorneys for Plaintiff*
        *National Urban League, Inc.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(B), as well as local rule, I hereby certify counsel for NUL, in good faith, attempted to confer with counsel for ULGD regarding the requested discovery and relief requested herein. *See* (**Exhibit 8** to Harvey Decl.). As of the time of this filing, ULGD has not responded.

                                                     s/ Nolan C. Knight

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 17, 2017, I electronically submitted the referenced document with the clerk of the court for the United States District Court for the Northern District of Texas, using the electronic filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals who by rule have consented to accept the Notice as service of the referenced document by electronic means:

  Nadine R. King-Mays, Esq.
  The King-Mays Firm
  3106 Commerce Street
  Dallas, Texas 75226

                s/ Nolan C. Knight